Cory R. Laird
Sara S. Berg
Lindsay A. Mullineaux
Riley M. Wavra
LAIRD COWLEY, PLLC
2315 McDonald Ave.
Missoula, Montana 59801
Telephone:    (406) 541-7400
Facsimile:    (406) 541-7414
Email:        claird@lairdcowley.com
              sberg@lairdcowley.com
              lmullineaux@lairdcowley.com
              rwavra@lairdcowley.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| MAUREEN A. KIRBY, individually and in her capacity as Personal Representative of the Estate of Bridget Marie Kirby,<br><br>    Plaintiff,<br><br>vs.<br><br>USAA INSURANCE AGENCY, INC.; JOHN DOES 1–10,<br><br>    Defendants. | Cause No. _____<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

COMES NOW, Plaintiff Maureen A. Kirby ("Ms. Kirby"), in her capacity as Personal Representative of the Estate of Bridget Marie Kirby (the "Estate"), and for her Complaint and Demand for Trial by Jury against Defendants USAA Insurance Agency, Inc. ("USAA") and John Does 1–10 (collectively "Defendants"), states and alleges as follows:

1

## PARTIES

1.      Ms. Kirby is Bridget Marie Kirby's ("Bridget") mother and is currently serving as the Personal Representative of Bridget's open probate Estate.

2.      At all times relevant herein, Ms. Kirby has been a citizen of the State of Washington.

3.      At all times relevant herein, Bridget was a citizen of the State of Washington.

4.      Accordingly, pursuant to 28 U.S.C. § 1332(c)(2), Ms. Kirby, in her capacity as Personal Representative of the Estate, is a citizen of the State of Washington for diversity jurisdiction purposes.

5.      USAA is a foreign for-profit corporation incorporated under the laws of Texas who, at all times relevant herein, was actively conducting business in Montana.

6.      USAA's principal place of business is in the State of Texas.

7.      Accordingly, USAA is a citizen of the State of Texas for diversity jurisdiction purposes.

8.      John Does 1–10 are fictitious persons or entities legally responsible for the unlawful actions or inactions complained of herein, whose true names, capacities, and identities are currently unknown.  Ms. Kirby therefore brings this action against such fictitious persons or entities by such fictitious names and will seek leave to amend this Complaint when their true names, capacities, and identities are ascertained, together with additional and further appropriate allegations.

2

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a), because Ms. Kirby and USAA are citizens of different states and the amount in controversy exceeds $75,000.00.

10.     This Court has personal jurisdiction over USAA because, among other things, it purposely avails itself of the right to conduct business in Montana and this claim arises out of USAA's failure to provide coverage following injuries to its insured occurring in Montana.

11.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)–(2), (c)(2), because, among other things, USAA resides in the State of Montana by virtue of it being subject to personal jurisdiction here, and a substantial part of the events or omissions giving rise to the claims advanced in this action occurred in the State of Montana.

12.     Divisional venue is proper in the Missoula Division of this Court, pursuant to Local Rule 3.2(b), because, under Montana Code Annotated § 25-2-118(1), USAA resides in Missoula County, Montana, by virtue of it conducting business there.

## GENERAL ALLEGATIONS

13.     In the early morning hours of November 19, 2021, Bridget's life was tragically taken following a roll-over motor vehicle accident in Helena, Montana (the "Accident").

14.     Immediately before the Accident, Bridget was the passenger in a 2013 Chrysler 300C (the "Vehicle") being operated by Hunter J.A. Nicely ("Mr. Nicely").

3

15.     Immediately before the Accident, Mr. Nicely was operating the Vehicle northbound on Interstate 15 at nearly 100 miles per hour when he failed to properly navigate the Interstate Exit #193 off-ramp to Cedar Street in Helena, Montana.

16.     After Mr. Nicely's failure to properly navigate the Exit #193 off-ramp, the Vehicle underwent a roll-over event before ultimately crashing into the ground.

17.     During the Accident, Bridget was ejected from the Vehicle, causing her severe injuries.

18.     After surviving for an appreciable period of time, Bridget succumbed to these injuries.

19.     At the time of the Accident, Bridget was insured by a Washington Auto Policy, issued by USAA, designated Policy No. 00479 62 72U 7102 5 (the "Policy").

20.     Bridget is a named insured under the Policy.

21.     The Policy insures six (6) separate vehicles, with separate premiums paid for each vehicle.

22.     The Policy provides Five Hundred Thousand and No/100 U.S. Dollars ($500,000.00) in Underinsured Motorists coverage ("UIM Coverage").

23.     Because the Policy insures six (6) separate vehicles, with a separate premium paid for each vehicle, the total available amount of UIM Coverage under the Policy is Three Million and No/100 U.S. Dollars ($3,000,000.00).

24.     The Insuring Agreement of the Policy's UIM Coverage provides that USAA "will pay compensatory damages which" Bridget "is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of" bodily injuries

4

"sustained by" Bridget "and caused by an auto accident."

25.   Bridget sustained bodily injuries because of the Accident.

26.   The Accident was caused by an auto accident.

27.   The Vehicle is an "underinsured motor vehicle" within the meaning of the Policy.

28.   Bridget is legally entitled to recover damages from the owner or operator of the Vehicle.

29.   No exclusions apply so as to bar coverage under the Policy's UIM Coverage.

30.   Bridget's injuries vastly exceed the Three Million and No/100 U.S. Dollars ($3,000,000.00) available under the Policy's UIM Coverage, even after the proceeds of any available liability coverage for the Vehicle.

31.   Following the Accident, Bridget's Estate timely submitted a claim for the Policy's UIM Coverage.

32.   On or about January 19, 2023, Ms. Kirby, through the Estate, demanded payment of the Three Million and No/100 U.S. Dollars ($3,000,000.00) available under the Policy's UIM Coverage.

33.   As of the date of this Complaint, USAA has failed to tender payment of Three Million and No/100 U.S. Dollars ($3,000,000.00) available under the Policy's UIM Coverage or any portion of the available limits.

34.   The Three Million and No/100 U.S. Dollars ($3,000,000.00) available under the Policy's UIM Coverage is not in dispute.

5

## COUNT I
## BREACH OF CONTRACT

35.    Ms. Kirby restates and realleges each allegation of this Complaint as if fully set forth herein.

36.    The Policy is a valid and binding contract.

37.    USAA has breached the Policy by failing to tender payment of Three Million and No/100 U.S. Dollars ($3,000,000.00) available under the Policy's UIM Coverage.

38.    USAA's breach of the Policy has caused the Estate to suffer damages in an amount to be proven at trial.

## COUNT II
## DECLARATORY JUDGMENT

39.    Ms. Kirby restates and realleges each allegation of this Complaint as if fully set forth herein.

40.    Ms. Kirby brings this claim under 28 U.S.C. § 2201 for a declaration of the Parties' rights and legal obligations under the Policy.

41.    The Parties currently have an actual controversy regarding Parties' rights and obligations under the Policy, including whether USAA has an obligation to provide Ms. Kirby with UIM Coverage under the Policy in the total amount of Three Million and No/100 U.S. Dollars ($3,000,000.00).

42.    Ms. Kirby seeks a declaration from this Court that USAA must provide Ms. Kirby with UIM Coverage under the Policy in the total amount of Three Million and No/100 U.S. Dollars ($3,000,000.00).

43.     Ms. Kiry seeks all further relief deemed necessary or proper by this Court, including an award of attorneys' fees and costs incurred in this action.

**COUNT III**
**VIOLATION OF MONTANA CODE ANNOTATED § 33–18–201**

44.     Ms. Kirby restates and realleges each allegation of this Complaint as if fully set forth herein.

45.     Montana law forbids insurers, such as USAA, from engaging in unfair claim settlement practices, including: (1) refusing to pay claims without conducting a reasonable investigation based upon all available information; (2) failing to affirm or deny coverage within a reasonable time after proof of loss statements have been completed; and (3) neglecting to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.  Mont. Code Ann. § 33-18-201(4), (5), and (6).

46.     USAA has, with knowledge of the foregoing facts, deliberately, with malice, and in intentional disregard for its insured's statutory and contractual rights, acted in conscious disregard of the high probability of injury to its insured, and refused to pay the Estate's claim without conducting a reasonable investigation based upon all available information.

47.     USAA has, with knowledge of the foregoing facts, deliberately, with malice, and in intentional disregard for its insured's statutory and contractual rights, acted in conscious disregard of the high probability of injury to its insured, and failed to affirm or deny coverage under the Policy's UIM Coverage within a reasonable time after the

Estate proved the amount of its loss.

48.     USAA has, with knowledge of the foregoing facts, deliberately, with malice, and in intentional disregard for its insured's statutory and contractual rights, acted in conscious disregard of the high probability of injury to its insured, and failed to attempt in good faith to effectuate prompt, fair, and equitable settlements the Estate's claim for which liability has become reasonably clear.

49.     The foregoing conduct violates Montana Code Annotated § 33-18-201(4), (5) and (6).

50.     As a direct and proximate result of USAA's unlawful conduct, the Estate has suffered damages in an amount to be proven at trial.

51.     Ms. Kirby, on behalf of the Estate, also intends to seek an award of punitive damages in conformance with Montana law.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Kirby respectfully prays for the following relief:

1.     For judgment in her favor;

2.     For a declaration that USAA must provide Ms. Kirby with UIM Coverage under the Policy in the total amount of Three Million and No/100 U.S. Dollars ($3,000,000.00);

3.     For an award of damages in the maximum amount permitted by law;

4.     For an award of attorneys' fees and costs, as may be available under Montana law or contract;

5.      For an award of pre- and post-judgment interest as allowed under Montana law;

6.      For an award of punitive damages in the maximum amount permitted by law, to be sought in conformance with Montana Code Annotated § 27-1-221(5); and

7.      For all such further and other relief as this Court may deem proper, just, and equitable.

DATED this 29th day of January, 2024.

LAIRD COWLEY, PLLC


By:   /s/ Cory R. Laird_____
        Cory R. Laird
        Attorney for Plaintiff


**<u>JURY DEMAND</u>**

Ms. Kirby hereby requests a jury trial on all issues so triable.

DATED this 29th day of January, 2024.

LAIRD COWLEY, PLLC


By:   /s/ Cory R. Laird_____
        Cory R. Laird
        Attorney for Plaintiff